IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| GARY DAN BILBO, SR.,<br>TDCJ-CID No. 1252971,<br><br>  Plaintiff,<br><br>v.<br><br>LORIE DAVIS, *et al.*,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:17-CV-130-Z |

**MEMORANDUM OPINION**
**DISMISSING CIVIL RIGHTS COMPLAINT**

This matter comes before the Court on Plaintiff's Amended Complaint, filed July 20, 2017 (ECF No. 11) ("Amended Complaint"). When Plaintiff filed the Amended Complaint, he was incarcerated in the Texas Department of Criminal Justice ("TDCJ") Clements Unit. Plaintiff alleges personnel there engaged in a conspiracy to deny him medical care and to retaliate against him whenever he alerted them to his medical needs. Plaintiff therefore sues Defendants — the TDCJ director and Clements Unit personnel — under 42 U.S.C. § 1983. The Court previously granted Plaintiff permission to proceed *in forma pauperis*. For the following reasons, Plaintiff's Amended Complaint is DISMISSED.

**BACKGROUND**

Plaintiff originally filed suit in the Court's Lubbock Division, alleging mixed habeas and civil rights claims. *See* Complaint, filed June 2, 2017 (ECF No. 4) ("Original Complaint"). The presiding judge in the Lubbock Division ordered Plaintiff to amend the Original Complaint, and the judge transferred the case to the Court's Amarillo Division shortly after Plaintiff amended. *See* ECF

1

No. 6 & 13. In his Amended Complaint, Plaintiff alleges he is entitled to a medical restriction, which Clements Unit Defendants removed from his medical record in 2017. *See* Amended Complaint § V, at 4. Plaintiff purportedly received several disciplinary convictions "in retaliation" for his attempts to reinstate this medical restriction. *See id.* Plaintiff now seeks injunctive relief to "stop the conspiracy," to impose his medical restriction, and to prevent further "retaliatory" disciplinary cases. *See id.* § VI, at 4.

A prisoner's claim for declaratory and injunctive relief based on conditions of confinement becomes moot upon the prisoner's release from custody or transfer from the facility. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Plaintiff no longer is in custody at the TDCJ Clements Unit, so his request for injunctive relief is now moot. But Plaintiff also seeks restoration of allegedly lost good-time credits, a return of his line class, and overturning of his disciplinary convictions. Therefore, the Court below only will analyze Plaintiff's disciplinary claims for civil rights violations.

## LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce,* 2 F.3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez,* 504 U.S. 25 (1992). To determine whether a complaint is frivolous under 28 U.S.C. § 1915(d), the Court must inquire whether there is an arguable "'factual and legal basis of constitutional dimension for the asserted wrong.'" *Spears v. McCotter,* 766 F.2d 179, 181 (5th Cir. 1985) (quoting *Watson v. Ault,* 525 F.2d 886, 892 (5th Cir. 1976)). The review of a complaint for *factual* frivolousness nevertheless is quite limited and "only appropriate in the limited class of cases wherein the allegations rise to the level of the irrational or the wholly incredible," not just to the level of the unlikely. *Booker,* 2 F.3d at 114. Nor is *legal* frivolousness synonymous with mere unlikeliness. The Supreme Court of the United States and the United States Court of Appeals for the Fifth Circuit repeatedly counsel district courts against dismissing petitions that have some chance of success. *See, e.g., Denton v. Hernandez,* 504 U.S. 25 (1992); *Neitzke v. Williams,* 490 U.S. 319, 329 (1989); *Booker,* 2 F.3d at 116. That caution notwithstanding, a "claim against a defendant who is immune from suit is frivolous because it is based upon an indisputably meritless legal theory. *See Neitzke,* 490 U.S. at 327; *Booker,* 2 F.3d at 116.

2

from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos,* 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

To claim retaliation, a prisoner must allege (1) a specific constitutional right; (2) a defendant's intent to retaliate against the prisoner for his or her exercise of that right; (3) a retaliatory adverse act; and (4) causation. *See McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir. 1998). The inmate must point to a specific constitutional right that has been violated. *See Jones v. Greninger,* 188 F.3d 322, 325 (5th Cir. 1999). To state a claim, the inmate must allege more than his personal belief that he is the victim of retaliation. *See Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir. 1997). "[T]he plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)). A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Twombly,* 550 U.S. at 557 n.5.

ANALYSIS

Plaintiff does not claim he was denied due process during his disciplinary proceedings. Rather, he claims the disciplinary proceedings resulted from retaliation for his attempts to reinstate his medical restriction. *See* Amended Complaint § V, at 4. Plaintiff has not presented any factual

---

[2] *Green vs. McKaskle,* 788 F.2d 1116, 1120 (5th Cir. 1986) ("Our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

3

allegation to support his allegation of retaliation. He has not laid out a timeline of his disciplinary convictions, the nature of the allegations in the disciplinary proceedings, the individual officer or officers reporting the violation, or even what steps he took to reinstate his medical restriction. Further, Plaintiff has failed to allege that any state actor had a retaliatory motive to prevent him from requesting his medical restriction be reinstated.

To any extent Plaintiff requests monetary damages, such a claim is frivolous until the *Heck* conditions are met. The Supreme Court of the United States has held that a Section 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey,* 512 U.S. 477 (1994); *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995). In *Edwards v. Balisok,* the Supreme Court approved application of the *Heck* doctrine to the prison disciplinary setting. *See Edwards v. Balisok,* 520 U.S. 641 (1997) (holding prisoner's damages claim for deprivation of good-time credits not cognizable under Section 1983).

Accordingly, it is ORDERED that Plaintiff's Amended Complaint be DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), as well as 42 U.S.C. § 1997e(a).

**SO ORDERED.**

May 18, 2020.

*[signature]*

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE